## BERNIA v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 12, 1925.)

No. 4562.

1. **Criminal law ⬅1169(6)—Testimony that liquor was found in possession of guest at hotel held not prejudicial.**

Testimony of finding of intoxicating liquor in room of guest at defendant's hotel, if erroneously admitted, *held* not prejudicial, where defendant was found not guilty of count charging possession.

2. **Criminal law ⬅394—Question of validity of search warrant held without moment, where belief justified that crime was committed in officers' presence.**

Where officers were justified in believing that crime was committed in their immediate presence, question of validity of search warrant *held* matter of no moment.

8 F.(2d)—47

3. **Criminal law ⬅1169(6)—Accused not prejudiced by proof that other person was convicted of like offense.**

Where jury returned verdict of not guilty of prior conviction, because testimony of government failed to identify accused as party named in prior record, accused was not prejudiced by proof that some other person had theretofore been convicted of like offense.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Edward E. Cushman, Judge.

Anna Bernia was prosecuted for unlawful sales of intoxicating liquors, unlawful possession thereof on subsequent date, maintenance of common nuisance, and prior conviction. She was convicted of unlawful sales, and brings error. Affirmed.

Edward H. Chavelle, of Seattle, Wash., for plaintiff in error.

Thos. P. Revelle, U. S. Atty., and J. W. Hoar, Asst. U. S. Atty., both of Seattle, Wash.

Before GILBERT, RUDKIN, and McCAMANT, Circuit Judges.

RUDKIN, Circuit Judge. The information in this case contains five counts. The first two counts charge unlawful sales of intoxicating liquor on February 27, 1924; the third count charges the unlawful possession of intoxicating liquor on February 29, 1924; the fifth count charges the maintenance of a common nuisance on the same date; and the fourth count charges a prior conviction on March 21, 1923. The jury returned a verdict of guilty as to the two sales counts, and not guilty as to the remaining counts. The present writ of error was sued out to review the judgment of conviction.

[1, 2] The testimony on the part of the government tended to show that the sales were made as charged in the first two counts of the information; that two days later the prohibition agents made a raid of the premises under a search warrant, and found a bottle of intoxicating liquor in room 107 thereof; and that the plaintiff in error had theretofore been convicted of the charge of unlawful possession of intoxicating liquor under the name of Georgia Rivard. The premises wherein the intoxicating liquor was sold and found were occupied as a hotel, and the defense to the possession count was that room 107, where the liquor was found, had been let to a guest and was occupied by him at the time of the raid. In view of the fact that the jury returned a verdict of not

guilty' as to this count, it would seem that testimony tending to show that liquor was found in the possession of a guest of the hotel would not be prejudicial, but, in any event, and without going into unnecessary detail, the officers were amply justified in believing that a crime was being committed in their immediate presence, so that the question of the validity or invalidity of the search warrant is a matter of no moment.

[3] The objection to the testimony tending to prove the prior conviction was this: It seems that the same conviction had theretofore been charged as a prior conviction in another case against the plaintiff in error, and upon the trial thereof the jury returned a verdict of not guilty as to the prior conviction. It is now urged that, in view of that verdict, the same prior conviction cannot again be pleaded in another prosecution. But, whether this be true or not, the jury returned a verdict of not guilty as to the prior conviction, because the testimony on the part of the government failed to identify the plaintiff in error as the party named in the prior record, and, in view of that fact, how can it be said that she was prejudiced by proof that some other person had theretofore been convicted of the like offense.

The case, as presented by the plaintiff in error, is without merit, and the judgment is affirmed.